UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE J. MCABEE,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

        Defendant.

Case No. C16-482 RSM

**ORDER ON SOCIAL SECURITY DISABILITY**

## I.    INTRODUCTION

Plaintiff, Jesse J. McAbee, brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Title II and Title XVI of the Social Security Act. Dkt. 3. This matter has been fully briefed and, after reviewing the record in its entirety, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER ON SOCIAL SECURITY
DISABILITY - 1

On December 31, 2012, Mr. McAbee filed an application for Disability Insurance Benefits (DIB) and on August 23, 2013, filed an application for Supplement Security Income (SSI). Tr. 22. Both applications alleged disability commencing on October 15, 2012. *Id.* The ALJ subsequently amended the alleged disability onset date, at Mr. McAbee's request, to May 1, 2013. Tr. 22, 42. Mr. McAbee's SSI claim was denied because he was deemed financially ineligible. Tr. 123. Mr. McAbee's DIB application was also denied initially and upon reconsideration. Tr. 22, 135, 142. A hearing was held before Administrative Law Judge (ALJ) Wayne N. Araki on July 17, 2014. Tr. 22, 40-98. Mr. McAbee was represented by counsel, Tariq Khan. *Id.* Leta R. Berkshire, a vocational expert, testified at the hearing. *Id.* On September 25, 2014, Judge Araki issued an unfavorable decision. Tr. 22-33. The Appeals Council denied review, and the ALJ's decision became final. Tr. 4-7. Mr. McAbee then timely filed this judicial action.

### III.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### IV.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## V.   EVALUATING DISABILITY

As the claimant, Mr. McAbee bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or is expected to last, for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable

to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity" (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). [2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work

---

[2] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R § 404.1572.

ORDER ON SOCIAL SECURITY
DISABILITY - 4

to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## VI.     THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:**  Mr. McAbee has not engaged in substantial gainful activity since May 1, 2013, the alleged onset date.

**Step two:**  Mr. McAbee has the following severe impairments: affective disorder (depressive disorder and mood disorder), anxiety disorder, posttraumatic stress disorder, and attention deficit hyperactivity disorder.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity:**  Mr. McAbee can perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to infrequent superficial interaction with the general public; he is limited to occasional interactions with coworkers or supervisors; and he can remember, understand and carry out instructions and tasks generally required by occupations with an SVP of 1-2.

**Step four:**  Mr. McAbee can perform past relevant work as a kitchen helper.

**Step five:**  Alternatively, as there are jobs that exist in significant numbers in the national economy that Mr. McAbee can perform, including industrial cleaner, janitor and housekeeper, he is not disabled.

Tr. 22-33.

## VII.     ISSUES ON APPEAL

---

[3] 20 C.F.R. §§ 404.1520, 416.920.

[4] 20 C.F.R. Pt. 404, Subpt. P. App.1.

ORDER ON SOCIAL SECURITY
DISABILITY - 5

Mr. McAbee claims the ALJ erred in both evaluating and failing to develop the record with respect to the opinion and treatment notes of Carlos Montiel, M.D. Dkt. 9. Mr. McAbee further argues the ALJ erred in evaluating the opinions of Susan Hakeman, M.D. and Eric Smemo, LICSW. *Id.* Mr. McAbee contends these errors resulted in an RFC that fails to account for all of his limitations. *Id.* Mr. McAbee contends this matter should be remanded for further administrative proceedings. *Id.* at 12.

## VIII.  DISCUSSION

### A.  Medical Source Opinion Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a nonexamining physician. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where a treating or examining doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. *Id.* Where contradicted, a treating or examining physician's opinion may not be rejected without "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Id.* at 830-31. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

####    *1.  Carlos Montiel, M.D.*

Mr. McAbee contends the ALJ erred in evaluating the opinion of Dr. Montiel. The Court disagrees.

In July 2014, Dr. Montiel performed a mental capacity assessment of Mr. McAbee. Tr.

341-43. Dr. Montiel found Mr. McAbee moderately limited in the following areas: ability to remember locations and work-like procedures; ability to understand and remember very short and simple instructions as well as detailed instructions; ability to carry out very short and simple instructions; ability to carry out detailed instructions; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ability to sustain an ordinary routine without special supervision; ability to make simple work-related decisions; ability to ask simple questions or request assistance; ability to be aware of normal hazards and take appropriate precautions; and ability to travel in unfamiliar places or use public transportation. *Id.* He further found Mr. McAbee to have marked limitations in the following areas: ability to maintain attention and concentration for extended periods; ability to work in coordination with or in proximity to others without being distracted by them; ability to complete a normal workday or work week without interruptions from psychologically based symptoms; ability to perform at a consistent pace with a standard number and length of rest periods; ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. *Id.* Dr. Montiel opined that Mr. McAbee would likely be absent an average of four or more times per month. *Id.* Dr. Montiel noted that "Mr. McAbee has moderate to marked disabilities that are mainly psychological [as well as] a learning disability that made him not apt to maintain a regular job." Tr. 342.

      The ALJ discounts Dr. Monteil's opinion on the grounds that he only saw Mr. McAbee on two occasions and his opinion was inconsistent with his August 2013 mental status

examination (MSE) results.  Tr. 31.  The parties agree the ALJ erred in discounting Dr. Monteil's opinion on the first ground.  Dkt. 15 at 7.  Contrary to the ALJ's finding the record contains treatment notes demonstrating that Dr. Montiel examined Mr. McAbee on at least three occasions.  *Id.*; Tr. 314-15, 316, 319-20.  Moreover, even if Dr. Montiel had only seen Mr. McAbee on two occasions this would not be a specific and legitimate reason on its own to discount a treating or examining opinion.  However, although the ALJ erred in discounting Dr. Montiel's opinion on this basis the error was harmless as the ALJ provided another valid reason for discounting Dr. Montiel's opinion.  *See Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (the ALJ's inclusion of an erroneous reason, among other reasons, is at most harmless error if the other reasons are supported by substantial evidence and the erroneous reason does not negate the validity of the overall determination).

The ALJ also discounted Dr. Montiel's opinion as inconsistent with his own MSE from August 2013.  Tr. 31.  "A conflict between treatment notes and a treating provider's opinion may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider."  *Ghanim v. Colvin*, 763 F.3d 1154, 161 (9th Cir. 2014).  An ALJ may also reject a medical opinion that is "brief, conclusory and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957; *see also Batson v. Colvin*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may "discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings.").  Dr. Monteil's August 2013 treatment note indicates that Mr. McAbee was "alert and cooperative; normal mood and affect; normal attention span and concentration; remote and recent memory appear to be intact." Tr. 314.  Mr. McAbee argues it was unreasonable for the ALJ to discount Dr. Montiel's opinion based on the August 2013 MSE because Dr. Montiel's June 2013 treatment note indicates Mr. McAbee was

easily distracted, not very well focused and slightly anxious. Dkt. 9 at 4; Tr. 320. Mr. McAbee argues that this earlier treatment note supports Dr. Montiel's opinion regarding his limitations. *Id.* However, the August 2013 treatment note was the most recent treatment note from Dr. Montiel in the record and reflects Dr. Montiel's assessment of Mr. McAbee's mental status on psychiatric medication. Tr. 314. There are no subsequent treatment notes from Dr. Montiel in the record indicating that Mr. McAbee's symptoms deteriorated thereafter nor does Dr. Montiel's 2014 opinion appear to be based on other independent findings. Tr. 341-43. Under the circumstances, the Court finds the ALJ reasonably discounted Dr. Montiel's opinion as inconsistent with his own August 2013 MSE.[5]

Mr. McAbee separately argues that the finding that he was "cooperative" during the MSE was not necessarily inconsistent with limitations in social capacity, particularly with respect to employment. Dkt. 9 at 4. The Court agrees that where there are other findings or evidence supporting a provider's opinion of significant social limitations, the fact that an individual was cooperative with a provider during a clinical evaluation or MSE does not necessarily undermine that opinion. However, here, Dr. Montiel's opinion regarding Mr. McAbee's social limitations does not explain any separate basis for his findings, nor is the Court able to discern any other basis in Dr. Monteil's treatment notes that support such limitations. In the absence of other supporting evidence or explanation it was not unreasonable for the ALJ to discount Mr.

---

[5] Mr. McAbee notes that the ALJ did not specifically find that the August 2013 treatment note reflected Mr. McAbee's improved mental status with psychiatric medication. Dkt. 9. However, the Court finds this was a reasonable inference that could be drawn from the record. The treatment notes clearly indicate that in June 2013 Mr. McAbee was exhibiting symptoms of anxiety and difficulty with attention and concentration but that Dr. Montiel was starting Mr. McAbee on medication. Tr. 320. The August 2013 treatment note indicates that Mr. McAbee is taking psychiatric medication and that he exhibited normal findings on the MSE. Tr. 313-14; *see Batson*, 359 F.3d at 1193 ("[T[he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, … and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision[.]") (citations omitted).

ORDER ON SOCIAL SECURITY
DISABILITY - 9

McAbee's opinion as inconsistent with the only apparent finding relevant to Mr. McAbee's social capacity with the benefit of medication, i.e. that he was cooperative during the August 2013 MSE. *See Thomas*, 278 F.3d at 957 (ALJ may reject a medical opinion that is "brief, conclusory and inadequately supported by clinical findings").

Mr. McAbee also argues the ALJ erred in failing to develop the record as there is some reference to additional records from Dr. Montiel that Mr. McAbee's attorney was seeking to obtain. Dkt. 9 at 4; Tr. 320. The ALJ "has an independent duty to fully and fairly develop the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Id.* (quoting *Smolen*, 80 F.3d at 1288). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* Here, the ALJ did not find the record ambiguous or inadequate to allow for proper evaluation of the evidence but left the record open after the hearing to permit Mr. McAbee to submit any potentially outstanding additional records from Dr. Montiel. Tr. 40, 98. There is no indication that any additional records were submitted by Mr. McAbee or that an extension was requested. Under the circumstances, the Court cannot conclude the ALJ erred in failing to take additional steps to develop the record.

Accordingly, the ALJ did not err in failing to develop the record or in evaluating Dr. Montiel's opinion.

### 2. Susan Hakeman, M.D.

Mr. McAbee also contends the ALJ erred in evaluating the opinion of Dr. Hakeman. The

Court agrees.

In May 2013, Dr. Hakeman examined Mr. McAbee and performed a psychological evaluation.  Tr. 304-07.  Dr. Hakeman diagnosed Mr. McAbee with anxiety (generalized, some PTSD/social, possible attacks), mood disorder not otherwise specified and ADHD by history.  *Id.*  Based on that evaluation Dr. Hakeman opined that Mr. McAbee was moderately limited in his ability to understand, remember and persist in tasks by following very short and simple instructions.  *Id.*  She further opined that Mr. McAbee was severely limited in the following areas: ability to understand, remember and persist in tasks by following detailed instructions; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; ability to adapt to changes in a routine work setting; ability to ask simple questions or request assistance; ability to communicate and perform effectively in a work setting; and ability to complete a normal work day and work week without interruptions from psychologically based symptoms.  *Id.*  Dr. Hakeman also opined that Mr. McAbee had marked limitations in his ability to learn new tasks, perform routine tasks without special supervision, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, maintain appropriate behavior in a work setting, and set realistic goals and plan independently.  *Id.*

The ALJ discounts Dr. Hakeman's opinion as "inconsistent with the mental status examinations, which show generally stable mood and overall normal exam findings."  Tr. 30.  Substantial evidence does not support the ALJ's rejection of Dr. Hakeman's opinion on this basis.  First, the ALJ does not cite to any mental status examinations (MSE) in his discussion of Dr. Hakeman's opinion, nor does he attempt to explain how the MSEs of other providers are actually inconsistent with Dr. Hakeman's opinion.  To reject the opinion of a treating or

examining physician, "the ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).  The ALJ's failure to do so in this case was error.

Second, even if the Court were to consider other parts of the ALJ's decision in an effort to find support for his conclusions, many of the MSEs referenced elsewhere in the decision do not appear to substantially undermine Dr. Hakeman's opinion.  The limitations assessed by Dr. Hakeman relate to Mr. McAbee's ability to function socially and to concentrate and persist in the work place. Tr. 304-07.  Other than noting Mr. McAbee was "cooperative" during the examination none of the MSEs noted by the ALJ in other parts of the decision specifically address his capacity for socialization, particularly in the workplace. Tr. 29.  Moreover, in contrast to Dr. Montiel's opinion, Dr. Hakeman's opinion regarding Mr. McAbee's social limitations appears to be based in part on her own clinical interview with Mr. McAbee in which he reported being stabbed in the past, experiencing social anxiety and anxiety attacks, discomfort around people and racing thoughts due to worry. Tr. 304-05.  As such, the finding that Mr. McAbee was "cooperative" with a different provider in the context of an MSE does not substantially undermine Dr. Hakeman's findings of some social limitations, particularly in the work environment. *See, e.g., Carl v. Colvin*, No. 14-5769, 2015 WL 1736411 (W.D. Wash. April 16, 2015) (finding the fact that a provider found a claimant presented as cooperative, rather than rude and uncooperative, during an examination "is not substantial evidence of an inconsistency with his assessment of marked limitations in social functioning during regular employment").  In fact, Dr. Hakeman herself found Mr. McAbee to be "calm and cooperative" during her examination but still found him significantly limited in social functioning in the

workplace based, it appears, on other aspects of her examination.  Tr. 307.

Furthermore, many of the MSEs noted by the ALJ elsewhere in the decision do not specifically address Mr. McAbee's attention and concentration.  Tr. 29.  The few MSEs that do specifically indicate "normal attention and concentration" (including Dr. Montiel's August 2013 MSE) are not accompanied by other testing as performed by Dr. Hakeman, nor do they explain the basis for that finding or directly address the ability to sustain attention and concentration for extended periods.  *Id.*  The "less extensive findings rendered by other providers who were not tasked with assessing plaintiff's functional limitations", without more, do not warrant discounting Dr. Hakeman's opinion in this case.  *Steiger v. Colvin*, No. 16-5106, 2016 WL 3570775 *4 (W.D. Wash. July 1, 2016); *see Orn*, 495 F.3d at 632; *see also Ryan v. Commissioner of Social Sec. Admin*, 528 F.3d 1194, 1200 (9th Cir. 2008) ("Nothing in [one examining doctor's report] rules out [another examining doctor's] more extensive findings") (quoting *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999)).  Dr. Hakeman performed her own MSE and found deficits in Mr. McAbee's concentration based on the results of specific clinical testing which is outlined in her report.  Tr. 304-07.  In particular, despite finding Mr. McAbee's appearance, speech, attitude and behavior, mood and affect largely normal, Dr. Hakeman noted that Mr. McAbee was unable to spell the word "world" backward, that he was unable to perform serial 7 subtractions, and that he was able to recall only two out of three objects after three minutes.  Tr. 307.  Such a finding on the concentration and memory portion of the MSE tends to support Dr. Hakeman's findings of limitations in Mr. McAbee's ability to concentrate and persist in a work setting.  *See, e.g., Dean v. Colvin*, 2014 WL 1364951 (W.D. Wash. April 7, 2014) *3 (finding that the inability to perform serial sevens on the MSE may suggest attention-related impairment in a well-educated

ORDER ON SOCIAL SECURITY
DISABILITY - 13

subject and that such a finding on the concentration portion of the MSE supported the clinician's opinion that the claimant would be limited in her ability to be consistent in her work performance.).

Furthermore, all of the MSEs the ALJ cites elsewhere in his decision were completed at least several months to a year before or after Dr. Hakeman's examination. Tr. 29. "Consistency does not require similarity of findings over time despite a claimant's evolving mental status." *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007). In fact, two of the MSEs the ALJ cites elsewhere in the decision that indicate "normal attention and concentration" appear to have been cursorily performed by medical doctors in the context of Mr. McAbee's visits for treatment of scabies, not for his mental health issues and were performed prior to Mr. McAbee's amended alleged disability onset date. Tr. 287, 289; *see Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Accordingly, without more, substantial evidence does not support the ALJ's rejection of Dr. Hakeman's opinion merely as "inconsistent with mental status examinations" generally.[6]

The ALJ also discounts Dr. Hakeman's opinion as inconsistent with Mr. McAbee's daily activities. Tr. 30. Inconsistency between a treating or examining physician's opinion and a claimant's daily activities may constitute a specific and legitimate reason to discount that opinion. *See Ghanim*, 763 F.3d at 1162; *Bayliss*, 427 F.3d at 1216. Here the ALJ specifically notes that Mr. McAbee is independent in his personal care, performs chores including mowing

---

[6] The Commissioner argues that there is evidence elsewhere that Mr. McAbee's condition improved with medication. Dkt. 15 at 4. However, the ALJ did not rely on this rationale as a basis for rejecting Dr. Hakeman's opinion nor can it be reasonably inferred from his generalized findings with respect to that opinion. As such, this argument constitutes an improper post-hoc rationalization which the Court cannot rely upon in order to affirm the ALJ's decision. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

ORDER ON SOCIAL SECURITY
DISABILITY - 14

the lawn, drives, and shops in stores.[7]  *Id.*  However, it is unclear how these rather basic activities, which Mr. McAbee has the flexibility to perform on his own schedule, undermine Dr. Hakeman's opinion regarding Mr. McAbee's limitations in social interaction and concentration and persistence in the workplace.  *See Smolen*, 80 F.3d at 1284 n. 7 (a claimant need not be completely incapacitated to receive benefits and "many home activities may not be easily transferable to a work setting"); *Bjornson v. Astrue*, 671 F.3d 640, 647 ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons …, and is not held to a minimum standard of performance, as she would be by an employer.").  Nor does the ALJ explain his finding of inconsistency.  *See Embrey*, 849 F.2d at 421-22 (conclusory reasons are insufficient and do "not achieve the level of specificity" required to justify rejecting a treating opinion).

Moreover, while Mr. McAbee acknowledges that at times he is capable of performing the activities cited by the ALJ, he also indicates that these activities are restricted by his symptoms.  For instance, Mr. McAbee indicates he hardly ever goes to stores because he's "scared to" and that he instead relies on his parents to provide his meals.  Tr. 65, 277.  He also indicates that while he does some household chores he does not do them consistently and that his mother helps him a lot.  Tr. 77, 78.  Mr. McAbee also testified that he has not been driving because he does not own a car and he was unsure whether if he had a car he would still be capable of driving because he finds it stressful.  Tr. 75.  Accordingly, substantial evidence also does not support the

---

[7] The Commissioner identifies several other activities in the Response Brief which counsel argues are inconsistent with Dr. Hakeman's opinion.  Dkt. 15 at 4.  However, the ALJ did not rely on these activities as a basis for rejecting Dr. Hakeman's opinion and, as such, the Commissioner's argument constitutes an improper post-hoc rationalization which the Court cannot rely upon to affirm the ALJ's decision.  *See Bray*, 554 F.3d at 1225.

1    ALJ's finding that Dr. Hakeman's opinion is inconsistent with Mr. McAbee's ability to engage
2    in the rather basic activities identified by the ALJ.
3         In sum, the ALJ erred in rejecting Dr. Hakeman's opinion.  This error was harmful
4    because the ALJ failed to include all of Dr. Hakeman's opined limitations in the RFC or in the
5    hypothetical to the vocational expert.  As such, the error was consequential to the ultimate
6    nondisability determination.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error
7    is harmless where it is "'inconsequential to the ultimate nondisability determination'" (quoting
8    *Carmickle*, 533 F.3d at 1162)).  Accordingly, on remand, the ALJ shall reevaluate Dr.
9    Hakeman's opinion.
10   **B.  "Other Source" Opinion Evidence**
11        Mr. McAbee contends the ALJ erred in considering the opinion of social worker Mr.
12   Smemo.  The Court agrees.
13        In March 2014, Mr. Smemo opined that Mr. McAbee had moderate limitations in the
14   following areas: ability to remember locations and work-like procedures; ability to work in
15   coordination with or in proximity to others without being distracted by them; ability to get along
16   with coworkers or peers without distracting them or exhibiting behavior extremes; ability to
17   respond appropriately to changes in the work setting; and the ability to set realistic goals or make
18   plans independently of others.  Tr. 323-25.  He further found Mr. McAbee had marked
19   limitations in the following areas: ability to understand and remember detailed instructions;
20   ability to carry out detailed instructions; ability to maintain attention and concentration for
21   extended periods; ability to perform activities within a schedule, maintain regular attendance,
22   and be punctual within customary tolerances; ability to sustain an ordinary routine without
23   special supervision; ability to complete a normal workday or workweek without interruptions

from psychologically based symptoms; ability to perform at a consistent pace with a standard number and length of rest periods; and ability to accept instructions and respond appropriately to criticism from supervisors.  *Id.*  Mr. Smemo further found that Mr. McAbee would miss four or more days from work per month.  *Id.*

The ALJ gives little weight to Mr. Smemo's opinion on the grounds that he is "not an acceptable source" and his opinion is "inconsistent with mental status examination findings and treatment notes." Tr. 30.  These were not adequate reasons to reject Mr. Smemo's opinion.  First, the fact that Mr. Smemo is not an acceptable medical source is not a sufficient basis on its own to reject his opinion as to the severity of Mr. McAbee's symptoms.  *See* C.F.R. 404.1513(d) ("In addition to evidence from acceptable medical sources … we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work.").  Other source or "lay" testimony is "competent evidence that an administrative law judge (ALJ) must take into account in a social security disability case, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Second, the ALJ's conclusory statement that Mr. Smemo's opinion is inconsistent with unspecified MSEs and treatment notes is also not sufficient to reject the opinion.  The germane reasons for rejecting lay witness testimony "must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).  Here, the ALJ fails to identify which MSEs or treatment notes he is referring to as the basis for discounting Mr. Smemo's opinion.  Moreover, Mr. Smemo's findings do appear consistent with the results of the MSE conducted by Dr. Hakeman which, unlike the 2012 MSEs, included clinical testing and whose opinion, as discussed above, must be reevaluated on remand.  Finally, the ALJ's conclusory assertion that Mr. Smemo's opinion is

ORDER ON SOCIAL SECURITY
DISABILITY - 17

1  inconsistent with "treatment notes" without identifying which treatment notes he finds

2  inconsistent or offering any further explanation lacks sufficient specificity for the Court to

3  properly evaluate that finding.  *See Bruce*, 557 F.3d at 1115; *Stout*, 454 F.3d at 1054 ("[T]he

4  ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony.");

5  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (the Court is "constrained to review the

6  reasons the ALJ asserts.").

7        Accordingly, the ALJ erred in discounting Mr. Smemo's opinion.  This error was not

8  harmless as the ALJ failed to include all of Mr. Smemo's opined limitations in the RFC or in the

9  hypothetical to the vocational expert.  *See Molina*, 674 F.3d at 1115.  Thus, on remand, the ALJ

10  should reevaluate Mr. Smemo's opinion.

11        **C.  Scope of Remand**

12        In general, the Court has "discretion to remand for further proceedings or to award

13  benefits."  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may remand for

14  further proceedings if enhancement of the record would be useful.  *See Harman*, 211 F.3d at

15  1178.  The Court may remand for benefits where (1) the record is fully developed and further

16  administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally

17  sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3)

18  if the improperly discredited evidence were credited as true, the ALJ would be required to find

19  the claimant disabled on remand.  *Garrison*, 759 F.3d at 1020.  "Where there is conflicting

20  evidence, and not all essential factual issues have been resolved, a remand for an award of

21  benefits is inappropriate."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th

22  Cir. 2014).

23        Here, there is conflicting evidence in the record and it is not clear that the ALJ would be

ORDER ON SOCIAL SECURITY
DISABILITY - 18

required to find Mr. McAbee disabled if the medical and other source opinion evidence were properly considered. Because the record does not compel a finding of disability, the Court finds it appropriate to remand this case for further administrative proceedings. *See Treichler*, 775 F.3d at 1107.

## IX. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate the opinions of Dr. Hakeman and Mr. Smemo, reassess and determine the RFC, and reevaluate steps four and five with the assistance of a vocational expert as necessary.

DATED this 10th day of February 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE